UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEFFREY M. ROCKEFELLER,                                    **DECISION AND ORDER**

                                                            13-cv-01159(RJA)(JJM)
                              Plaintiff,

       v.


SGT. WARNER, et al.,
                              Defendants.
_____

         Before me is  plaintiff Jeffrey Rockefeller's second motion for appointment of

counsel [24].[1]  For the following reasons, plaintiff's motion for appointment of counsel is

denied, without prejudice to renewal.


                              **BACKGROUND**

         Plaintiff, a former inmate, alleges that while incarcerated at Attica Correctional

Facility in February and March 2011: 1)  defendant Sergeant Sean Warner directed defendant

Correctional Officers Andrew Holman and Nathan Klimko to plant a weapon in his cell in

retaliation for plaintiff filing a grievance against defendant Correctional Officer Matthew

Rademacher; 2) defendant Correctional Officer Chris Summers and others physically and

sexually assaulted him while being transported to the special housing unit after the planted

weapon was located in his cell; and 3) was denied due process at a disciplinary hearing held on

the weapons charge.  Amended Complaint [9].

---

[1]       Bracketed references are to the CM/ECF docket entries.

Plaintiff's first motion for appointment of counsel [3] was denied, without prejudice by District Judge Frank Geraci, who concluded that "[a] more fully developed record will be necessary before the Court can determine whether Plaintiff's chances of success warrant the appointment of counsel". June 16, 2014 Decision and Order [8], p. 1 of 10, n. 1.  The case still remains at an early stage.  Not all defendants have appeared and no preliminary pretrial conference has been conducted.

In support of his current motion for appointment of counsel, plaintiff alleges that he has "no knowledge of [the] law . . . [or of] the procedures in a civil case . . . and therefore need[s] the assistance of an attorney".  Plaintiff's motion [24], p. 1 of 4.  He also argues that these defendants "need to be held accountable for their actions" and that "have a pattern of doing this", noting that they "nearly beat an inmate to death on 8/9/11 and were indicted" for that conduct before pleading guilty to misdemeanors shortly before trial (id., p. 2 of 4).[2]

Defendant Warner opposes plaintiff's motion for appointment of counsel, alleging that plaintiff has been threatening him and other defendants with physical harm.  Meyers Buth Affirmation [25], ¶¶4-7.  He argues that "[t]he Court should not expend finite and valuable legal resources on a Plaintiff who himself   repeatedly violates the civil and other rights of the same individuals he accuses of wrongful conduct" (id., ¶10).

---

[2]      I believe that plaintiff is referring to the incident involving Attica inmate George Williams, which is the subject of a civil suit pending in this court. See Williams v. Swack, et al., 13-cv-0974 (WMS)(JJM).

## ANALYSIS

There is no constitutional right to appointed counsel in civil cases.  However, under 28 U.S.C. §1915(e)(1), the Court may appoint counsel to assist indigent litigants.  *See, e.g.*, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F. 2d 22, 23 (2d Cir. 1988). The decision as to whether or not to assign counsel lies clearly within the court's discretion.  *See* In re Martin-Trigona, 737 F. 2d 1254, 1260 (2d Cir. 1984).  The factors to be considered include the following: (1) whether the indigent's claims seem likely to be of substance; (2) whether the indigent is able to investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the indigent has the ability to present the case; (5) whether the legal issues involved are complex; and (6) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.  *See* Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986); Carmona v. United States Bureau of Prisons, 243 F. 3d 629, 632 (2d Cir. 2001).

While I am sympathetic to plaintiff's circumstances, having considered these factors, I conclude that appointment of counsel is not warranted at this time. Since the case is still at an early stage, the merit (or lack thereof) of plaintiff's claims remains difficult to assess. Plaintiff has also failed to demonstrate that his case is complex or that he will be unable to adequately litigate his claims without assistance of counsel.  Therefore,  plaintiff's motion for appointment of counsel is denied, without prejudice to his ability to re-apply for appointment of counsel at a later stage of the case.  However, at this time, it remains plaintiff's responsibility to retain an attorney or to prosecute this action *pro se*.   In order to assist plaintiff in pursuing this

case *pro se*, the clerk of the court is directed to send plaintiff the court's booklet entitled "*Pro Se*

Litigation Guidelines".

## CONCLUSION

For these reasons, plaintiff's motion for appointment of counsel [24] is denied,

without prejudice to renewal.

**SO ORDERED.**

Dated: March 2, 2016

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge